UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.  8:09-cr-585-T-24TBM

MARIAN MORGAN,

_____/

## **ORDER**

This cause comes before the Court for consideration of Defendant Marian Morgan's Motion to Suppress evidence obtained by the Government in a warrantless search and seizure of her belongings. (Dkt. 65.)  The Government filed a Response in Opposition to the motion (Dkt. 66), and Defendants John and Marian Morgan jointly filed a Reply.[1]  (Dkt. 70).

Defendant's motion was considered by United States Magistrate Judge Thomas B. McCoun III, pursuant to an order of referral.  Magistrate Judge McCoun conducted an evidentiary hearing on the motion on March 16, 2011.  (Dkts. 103, 108.)  Thereafter, both Defendant and the Government filed supplemental memoranda in support of, and in opposition to, the motion.  (Dkts. 107, 111-13.)

On June 20, 2011, Magistrate Judge McCoun submitted his Report and Recommendation, recommending that the motion to suppress be granted in part and denied in part.  (Dkt. 149.)  Magistrate Judge McCoun recommended that the motion be "DENIED as to items lawfully seized during the border search and GRANTED as to all other items obtained as a

---

[1] Defendant John Morgan has since pled guilty to certain crimes alleged in the superceding indictment, and therefore, any suppression issues that he raised in the motion are moot.  (Dkts. 139, 145.)

result of the so-called inventory searches conducted by the FBI at Tampa, Florida." Specifically, he recommended that "all items of tangible evidence, apart from those identified as '1B11,' . . . be suppressed from the government's case-in-chief."[2] He reasoned that the 1B11 evidence was obtained as a result of a valid Customs seizure of items discovered during the course of a valid border search of Defendant's property.

On July 1, 2011, the Government filed a Request for Reconsideration of Recommendation Concerning Marian Morgan's Motion to Suppress. (Dkt. 162.) In this motion, the Government argued that items 1B8, 1B9, and 1B16 were *also* seized during the course of the same valid border search of Defendant's property, and therefore, should be deemed admissible according to Magistrate Judge McCoun's reasoning concerning item 1B11. (Dkt. 162.) This motion contained a supplemental affidavit from FBI Special Agent Barbara Collazo in which the agent made additional statements concerning the manner in which Customs officers searched, seized, and segregated Defendant's belongings.

In response, on July 22, 2011, Defendant filed a Motion to Strike and Response to the Government's request for reconsideration. (Dkt. 166.) Defendant urged the Court to strike the Government's request for reconsideration as an untimely and inappropriate pleading under Federal Rule of Criminal Procedure 59. Additionally, she argued that the Government had waived any objections to the report and recommendations. Defendant also argued that the supplementary affidavit of agent Collazo should be stricken because it interjected new facts not testified to at the hearing, and thus, violated her Sixth Amendment right of confrontation.

---

[2] He furthermore noted that evidence seized from Defendant's computers, hard drives, and cell phones was not affected by his determination and remained admissible, due to Defendant's consent to search those items.

On July 25, 2011, Magistrate Judge McCoun denied the Government's request for reconsideration, finding that the Government had merely reargued its former positions and had not provided any cause for reconsideration of the judge's recommendations. (Dkt. 168.) On the other hand, Magistrate Judge McCoun also denied Defendant's motion to strike the Government's pleading as untimely and inappropriate. Magistrate Judge McCoun concluded that the Government's pleading in response to his Report and Recommendation was timely because it had been filed within 14 days of the Report and Recommendation. Magistrate Judge McCoun noted his belief that the Government's pleading was more appropriately construed as an objection to the Report and Recommendation, and noted that the district court judge would make a *de novo* review of his recommendations and any objections. In his order, Magistrate Judge McCoun also agreed with Defendant that the Collazo affidavit was "troubling in that it appears inconsistent with the witness's testimony at the hearing and in any event cannot be considered on this motion without doing harm to Morgan's Sixth Amendment rights."

Following that order, the Government moved the Court to convene an evidentiary hearing to address the concerns raised by Magistrate Judge McCoun. (Dkt. 169.) Specifically, the Government argued that the Court should hold an evidentiary hearing to address the limited issue of whether evidentiary items identified as 1B8, 1B9, and 1B16 were properly seized pursuant to a valid border search, and therefore, should be deemed admissible.

Defendant filed an objection to this request. (Dkt. 172.) Defendant asserted that no evidentiary hearing was necessary because Magistrate Judge McCoun already heard testimony from agent Collazo during the suppression hearing concerning the search and seizure of Defendant's belongings, and correctly determined that all of the evidence, excluding the items

identified as 1B11, should be suppressed.

The Court has reviewed all of the filings relevant to Defendant's motion to suppress, including the motion, the response, the reply, the supplementary memoranda, the transcript of the suppression hearing, the Report and Recommendation, and the post-Report and Recommendation filings. Having considered the entire case file related to the motion to suppress, the Court agrees with Magistrate Judge McCoun that the Government's Request for Reconsideration of the Report and Recommendation (Dkt. 162) should be construed as an objection to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *United States v. Square*, No. 1:10cr492, 2011 WL 1871231, at *1 n.1 (N.D. Ohio May 16, 2011) (construing the defendant's motion to reconsider the magistrate judge's report and recommendation concerning a motion to suppress as an objection to the report and recommendation). Additionally, the Request for Reconsideration was filed within 14 days of the issuance of the Report and Recommendation, and therefore, was timely. 28 U.S.C. § 636(b)(1).

When a party timely objects to a magistrate judge's report and recommendation on a motion to suppress, the district court must conduct a *de novo* review of those portions of the report and recommendation to which the objection is made. *Id.* (providing that a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). In conducting a *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Additionally, the district court "may also receive further evidence." *Id.*

Having reviewed the Report and Recommendation, and having conducted a *de novo*

review of the Government's objections, and upon this Court's independent examination of the case file, the Court concludes that the Report and Recommendation must be adopted in part. The Court adopts, and incorporates by reference, Magistrate Judge McCoun's recommendation that the motion to suppress be "DENIED as to items lawfully seized during the border search and GRANTED as to all other items obtained as a result of the so-called inventory searches conducted by the FBI at Tampa, Florida." In other words, the Court adopts Magistrate Judge McCoun's conclusion that the search of the Defendant's property by Customs officials did not violate her Fourth Amendment rights, and that the seizure of certain items believed to be of evidentiary value from the luggage by the Customs officials was likewise justified under the border search exception to the warrant requirement.

However, at this point, the Court declines to adopt the recommendation that the items lawfully seized during the border search consist *only* of the 1B11 items. The Government has raised the issue of whether items identified as 1B8, 1B9, and 1B16 were *also* seized during the course of the same valid border search of Defendant's property, and therefore, should be deemed admissible. In support, the Government filed agent Collazo's supplementary affidavit, in which she states that items 1B8, 1B9, and 1B16 were seized during the border search, in addition to the 1B11 items.

The Court, however, may not consider agent Collazo's supplementary affidavit, because to do so, would violate Defendant's Sixth Amendment confrontation rights. This is because the affidavit contains additional–perhaps, contradictory–facts regarding the manner in which Customs officials segregated evidence during the border search. The Court may not rely on Collazo's affidavit to find that 1B8, 1B9, and 1B16 were properly seized during the valid border

search.

The Court, therefore, concludes that, in accordance with its authority to receive further testimony under 28 U.S.C. § 636(b)(1), the Court shall conduct a limited evidentiary hearing. The hearing shall be limited to the issue of whether the items identified as 1B8, 1B9, and 1B16 were properly seized pursuant to a valid border search and are therefore admissible.

In conclusion, it is now **ORDERED AND ADJUDGED** that

(1) The Government's Request for Reconsideration of the Report and Recommendation (Dkt. 162) is construed as a timely objection to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1);

(2) Magistrate Judge McCoun's Report and Recommendation (Dkt. 149) is **ADOPTED IN PART**;

(3) Defendant's Motion to Suppress (Dkt. 65) is **GRANTED IN PART, DENIED IN PART**, and ruling is **DEFERRED IN PART**;

(4) The Government's Request for Evidentiary Hearing (Dkt. 169) is **GRANTED**; and

(5) This case is set for a limited evidentiary hearing on Defendant's Motion to Suppress, which will be conducted **Thursday, August 11, 2011, at 9:30 a.m.**

**DONE AND ORDERED** at Tampa, Florida, this 5th day of August, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record