UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:09-cr-585-T-24TBM

MARIAN MORGAN,

_____/

**ORDER**

This cause comes before the Court for consideration of Defendant Marian Morgan's "Opposed Motion in Limine re: SEC Civil Case," in which she seeks to exclude evidence of the civil Securities & Exchange Commission ("SEC") action filed against her in the Tampa Division of the Middle District of Florida, Case Number 8:09-cv-1093-RAL-EAJ. (Dkt. 180.) The Government filed a response in opposition to the motion. (Dkt. 181.)

**I.    Background**

   **A.    The SEC Action**

On June 11, 2009, the SEC filed a complaint and motion for a temporary restraining order against Defendant Marian Morgan, Defendant John Morgan, and others. The SEC action was based on the defendants' and others' involvement in defrauding investors by selling investments in a fictitious prime bank instrument trading program. The SEC alleged that Defendant Marian Morgan and others wrote lulling statements to investors, representing that the program was successful and that payments were imminent. According to the complaint, funds were sent to a Danish bank account, and then transferred to domestic bank accounts controlled by the Morgans.

On June 25, 2009, defendant Marian Morgan and others appeared for a hearing before

U.S. District Judge Richard A. Lazzara on the SEC's motion for a temporary restraining order. The Court issued an Order enjoining the defendants from continuing the fraudulent scheme, freezing assets, and directing the defendants to provide a detailed accounting of all investors, the amounts of their investments, any assets and bank accounts of the defendants, and all transactions since January of 2006. The Court also ordered the defendants to repatriate to the Untied States all funds involved in the scheme.

Several weeks later, the SEC filed a motion for issuance of an order to show cause why the defendants should not be held in contempt. The motion was based on the defendants' continuation of circulating lulling letters to investors and failing to repatriate funds in violation of the Court's June 25, 2009 order. In support of this motion, the SEC attached an email message in which Defendant Marian Morgan bragged to investors that the funds were outside the jurisdiction of the Court.

The Court scheduled a hearing on the SEC's motion for an order to show cause for July 16, 2009. Neither Marian nor John Morgan appeared for the hearing. As a result, the Court ordered the clerk to issue warrants for their arrests. Thereafter, on August 24, 2009, a criminal complaint was filed against the Morgans, in which they were charged with defrauding investors with the same fictitious prime bank instrument trading program that was the subject of the SEC suit. Notably, the allegations concerning the fraudulent scheme alleged in the SEC suit are identical to the charges contained in the Superceding Indictment.

### B. Government's Proposed Evidence to be Elicited at Trial

The Government anticipates that the evidence at the criminal trial will show that from mid-June throughout July of 2009, Defendant Marian Morgan sent numerous emails and skype

communications to investors in which she discussed the SEC lawsuit. According to the Government, these messages amounted to lulling communications, false denials of any wrongdoing, and threats against investors, advising them that if they cooperated with the SEC they would never get their money back. According to the Government, these conversations also show that Defendant knew about the July 16, 2009 show cause hearing in the SEC action, and deliberately chose not to appear. The Government also intends to present at trial inquiries from investors regarding the status of the funds and the allegations in the SEC action.

## II.     Discussion

Defendant Marian Morgan moves the Court to exclude from the criminal trial any evidence concerning the SEC action. She contends that such evidence "involves allegations extraneous to the current criminal prosecution" and is unduly prejudicial because her failure to appear at the show cause hearing was "the catalyst for the arrest warrant" issued by the Court. The Court, however, disagrees.

Contrary to Defendant's assertion, her conduct in response to the SEC action is not "extraneous" to the charged crimes; rather, it is explicitly charged in the Superceding Indictment. The indictment charges a scheme to defraud, including allegations that Defendant made false representations about the bank trading program, and made lulling statements to the investors to reassure them that their funds were safe. In addition, the indictment specifically alleges that Defendant told investors that "[i]f a disgruntled investor contacted the 'SEC' or the 'FBI,' those agencies would initiate an investigation and freeze all the funds and investors would get nothing back[.]" The Court concludes that this alleged conduct, which was aimed at keeping investors from cooperating with the Government and falsely reassuring investors that their funds were safe

in the face of the SEC action, is probative of Defendant's knowledge and intent regarding the criminal charges. Thus, evidence about the SEC action is relevant to the crimes charged.

Additionally, the Court concludes that evidence concerning Defendant's flight from the SEC civil action is probative of her guilty conscience with respect to the fraudulent scheme charged in the indictment. Here, the Government intends to present evidence that Defendant consciously and deliberately fled from the SEC civil action by traveling to Europe and then Sri Lanka in order to avoid the reach of the United States law. "It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *United States v. Borders*, 693 F.2d 1318, 1325 (11th Cir. 1982) (citations omitted); *see also United States v. Solomon*, 688 F.2d 1171 (7th Cir. 1982) (in a criminal tax fraud case, ruling that "a fair inference can be drawn from the defendant's flight that he was conscious of his guilt concerning his income taxes"). Here, evidence that Defendant fled from the United States and failed to appear at the show cause hearing is probative of her guilty conscience regarding the fraud charged in the indictment, and is therefore admissible.

Finally, the Court concludes that evidence regarding the civil SEC action, which alleged conduct identical to that charged in the criminal indictment, is not unduly prejudicial. Defendant's conduct in reaction to the SEC action, particularly her statements to investors that the SEC action was a witch hunt, that the allegations were false, that the wire transfers were scheduled to proceed, and that the SEC had lied to the Court, is relevant to Defendant's willfulness and intent with respect to the fraud charged in the indictment. Evidence of the SEC action is simply not unfairly prejudicial to Defendant. The Court, however, will entertain a

proposed limiting instruction from the parties regarding the differing burdens of proof for civil and criminal trials, and instructing the jury that the filing of the SEC action is not per se evidence of Defendant's guilt of the criminal charges.

**III.    Conclusion**

Accordingly, for the reasons stated herein, evidence regarding the SEC action is relevant, admissible, and not unduly prejudicial. Defendant's "Opposed Motion in Limine re: SEC Civil Case" is therefore **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of August, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge