UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                                        Case No.  8:09-cr-585-T-24TBM

MARIAN MORGAN,

_____/

**ORDER**

This cause comes before the Court for consideration of Defendant Marian Morgan's Second Motion to Suppress, in which she urges the Court to suppress evidence obtained as a result of an *in camera* search warrant issued on July 20, 2011.  (Dkt. 174.)  The Government filed a response in opposition to the motion.  (Dkt. 193.)

**I.    Background**

On February 8, 2011, FBI Special Agent Barbara Collazo provided her affidavit in support of an application for a warrant to search four items of mail that had been delivered to the Pinellas County Jail.  The affidavit contained a Statement of Probable Cause, in which Agent Collazo recounted that Defendant Marian Morgan had been indicted for the same fraudulent investment scheme that was also the subject of a pending SEC lawsuit against her.  In the SEC suit, the Court had issued a preliminary injunction against Defendant, freezing her assets, and ordering her to provide an accounting of all investor funds.

Agent Collazo further stated that, during the criminal investigation, it was learned that Defendant possessed foreign bank accounts and that investors' funds had been traced to deposits in those accounts.  Agent Collazo stated that, in monitored jail telephone conversations, Defendant discussed her plans to withdraw funds from the accounts.

Agent Collazo further informed the Court that she had learned that Defendant Marian Morgan and co-defendant John Morgan were deceptively characterizing non-legal mail as legal mail, in order to get documents into the Pinellas County Jail without those items being inspected by jail officials.  In a January 31, 2011 jail conversation with co-defendant John Morgan, Marian Morgan stated that she had directed an individual to send documents pertaining to the foreign bank accounts to the jail by fraudulently characterizing that mail as legal mail.

A few days after the January 31, 2011 jail conversation, on February 2, 2011, an employee in the Detention Investigation Unit at the Pinellas County Jail advised Agent Collazo that the jail had received four pieces of mail addressed to John and Marian Morgan that was labeled as legal mail.  The following day, on February 3, 2011, FBI Special Agent Neil Palenzuela, acting as a "taint" reviewer, reviewed those four items of mail and concluded that they were items of non-legal mail disguised as legal mail.  Three of those items of mail were addressed to John Morgan, while the fourth item was addressed to Marian Morgan.

Based on Agent Collazo's affidavit, U.S. Magistrate Judge Thomas G. Wilson issued a search warrant to search these four items labeled as legal mail and to search all sealed items contained therein.  Defendant now moves the Court to suppress the items of mail that were searched pursuant to this search warrant.

**II.     Discussion**

Defendant Marian Morgan's motion must be denied as to the three items of mail addressed to John Morgan because she lacks standing to challenge the search of her co-defendant's property.  "It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that

*his* Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Padilla*, 508 U.S. 77, 81 (1993). Here, Defendant Marian Morgan is neither the addressee nor the sender of the three items of mail addressed to co-defendant John Morgan. Therefore, she does not have a legitimate expectation of privacy in those items of mail, and cannot be heard to challenge the constitutionality of the search of that mail. *See id.*; *United States v. Smith*, 39 F.3d 1143, 1144-45 (11th Cir. 1994) (ruling that the defendant did not have a legitimate expectation of privacy in a letter sent to another person, and therefore, did not have standing to object to the search of the letter).

The motion to suppress must be denied as to the remaining item of mail, which was addressed to Defendant Marian Morgan, because the search of that item of mail was conducted under the authority of a lawful search warrant that was supported by probable cause. In her Statement of Probable Cause, Agent Collazo explained the scheme by Defendant Marian Morgan to circumvent the jail's regulation and inspection of non-legal mail by fraudulently designating non-legal mail as legal mail. According to Agent Collazo, Defendant Morgan's motive was to impair the jail officials' ability to detect ongoing criminal conduct and to conceal information concerning assets that were subject to seizure and forfeiture. The facts put forth in Agent Collazo's affidavit, which was submitted to the Court in support of the application for a search warrant of the mail, clearly established probable cause for issuance of the warrant.

### III. Conclusion

Accordingly, for the reasons stated herein, Defendant has not asserted any valid basis for suppressing the four items of mail. Defendant's Second Motion to Suppress (Dkt. 174) is therefore **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of August, 2011.

Copies to:
Counsel of Record

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge