UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:09-cr-585-T-24TBM

MARIAN MORGAN,

_____/

**ORDER**

This cause came before the Court at an evidentiary hearing on August 11, 2011, on Defendant Marian Morgan's Motion to Suppress evidence obtained by the Government during a warrantless search and seizure of her belongings.  (Dkt. 65.)  The Court convened the hearing to address the limited issue of whether evidence identified as 1B8, 1B9, and 1B16 was properly seized from Defendant pursuant to a valid border search and is therefore admissible at trial.

**I.   Background**

On August 5, 2011, the Court entered an order adopting in part the Report and Recommendation by Magistrate Judge Thomas B. McCoun III that Defendant's motion to suppress be denied as to items lawfully seized during a valid border search, and that the motion be granted as to all other items obtained as a result of a so-called inventory search conducted by the FBI in Tampa, Florida.  (Dkt. 187.)  In doing so, the Court adopted Magistrate Judge McCoun's conclusion that the search of Defendant's property by Customs officials did not violate her Fourth Amendment rights, and that the seizure of certain items believed to be of evidentiary value from her luggage by the Customs officials was likewise justified under the border search exception to the warrant requirement.

The Court declined to adopt, and instead, deferred ruling on, the recommendation that the items lawfully seized during the border search consisted *only* of the items marked as 1B11. In accordance with its authority under 28 U.S.C. § 636(b)(1), the Court then elected to receive further testimony to assist the Court in conducting a *de novo* review of the issue of whether the items properly seized during the valid border search *also* include 1B8, 1B9, and 1B16.

**II.     Discussion**

During the August 11, 2011 evidentiary hearing, the Court heard testimony from FBI Special Agent Barbara Collazo concerning the manner in which Customs officers searched and segregated Defendant's belongings upon her arrival in the United States. Agent Collazo testified that, during the search of Defendant's luggage by Customs officials, Customs agents segregated items that were believed to have evidentiary value by placing those items in clear plastic U.S. Department of Homeland Security bags. Once the items were placed in the bags, Customs officials sealed the bags. Then all of Defendant's belongings, including sealed evidence bags as well as non-evidentiary items, were then turned over to the FBI for safe-keeping.

During Agent Collazo's testimony, the Government admitted into evidence the items at issue: 1B8, 1B9, 1B11, and 1B16. Agent Collazo testified that item 1B8 consisted of a clear plastic U.S. Department of Homeland Security bag that contained items that had been identified by Customs officials during the border search, at Agent Collazo's direction, as having potential evidentiary value. The items inside the bag marked 1B8 included two leather pouches containing various reward cards, business cards, and pieces of paper with handwriting. Once the items were identified as having potential evidentiary value, Customs officials placed them in the Homeland Security bag, and then sealed the bag. Agent Collazo testified that this occurred at the

airport on the day Defendant arrived in the United States–December 11, 2009. The bag was then turned over to the FBI, along with all of Defendant's belongings.

Agent Collazo's testimony regarding 1B9 was similar to her testimony regarding 1B8. She testified that 1B9 was a sealed Homeland Security bag that contained items that had been identified during the border search as having potential evidentiary value. The items inside the bag marked 1B9 included a manilla envelope containing bank related documents, and other miscellaneous documents including business cards, letters, and notes. Once Customs officials placed the items in the bag, the bag was sealed, and then turned over to the FBI along with the remainder of Defendant's belongings.

Agent Collazo's testimony regarding 1B11–the item that the Court already deemed admissible in its prior order–was again similar to her testimony regarding 1B8 and 1B9. Agent Collazo testified that 1B11 consisted of two Homeland Security bags that contained items that had been identified during the border search as having potential evidentiary value. The items inside the bags marked 1B11 included miscellaneous documents, file folders, Federal Express packages, handwritten notes, blue folders, spiral notebooks, and a red book. Like 1B8 and 1B9, these bags were sealed and turned over to the FBI.

Agent Collazo next testified that 1B16 was a dark green suitcase that contained financial documents, magazines, a book on money laundering laws, and foreign bank account documents. Agent Collazo testified that, once she identified these items as having potential evidentiary value, Customs officials segregated the entire suitcase by wrapping green tape around the suitcase in a crisscross fashion. Agent Collazo explained that the suitcase was too large to fit inside any of the Homeland Security bags. The suitcase was then turned over to the FBI.

The Court has conducted a *de novo* review of the entire record as it relates to Defendant's motion to suppress. Having done so, the Court concludes that Agent Collazo's testimony makes clear that the items identified and segregated by Customs officials as having potential evidentiary value included items 1B8, 1B9, and 1B16, *in addition to* 1B11, which the Court has already ruled admissible. There is no discernable difference between the manner in which Customs officials identified 1B8, 1B9, and 1B16 as potential evidence and segregated them by placing them in plastic Homeland Security bags (or in the case of 1B16, wrapping with green tape) and the manner in which the Customs officials identified 1B11 as potential evidence and placed it in plastic bags. Items 1B8, 1B9, and 1B16 were identified and segregated at the same time, in the same manner, and by the same Customs officials, as item 1B11.

The Court previously ruled that 1B11 was obtained as a result of a valid Customs seizure of items discovered during a valid border search of Defendant's property, and was admissible. The searches and seizures of 1B8, 1B9, and 1B16 are legally and factually indistinguishable from that of 1B11. Therefore, it follows that items 1B8, 1B9, and 1B16 are likewise admissible.

**III.   Conclusion**

Accordingly, for the reasons stated herein, Defendant's Motion to Suppress (Dkt. 65) is denied as to items 1B8, 1B9, and 1B16, as those items were properly seized during a valid border search, and are therefore admissible.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2011.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge