UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:09-cr-585-T-24TBM

MARIAN MORGAN,

_____/

**ORDER**

This cause comes before the Court for consideration of Defendant Marian Morgan's Second Motion for New Trial Pursuant to Federal Criminal Rule 33 and Request for Evidentiary Hearing. (Dkt. 308.) The Government filed a response in opposition to the motion. (Dkt. 316.) The motion is timely.

**I.  Background**

On December 17, 2009, a grand jury returned the original indictment against defendants John and Marian Morgan. The indictment alleged that the Morgans had engaged in a "prime bank note trading" scheme through their company "Morgan European Holdings, APS" ("MEH") from March 2005 to August 2009.

After the indictment was unsealed, and the defendants' presence was secured in the Middle District of Florida in January of 2010, the parties began the process of discovery and litigation of pretrial motions. In August of 2010, retained trial counsel for defendant Marian Morgan, George Tragos, filed a motion to withdraw stating that Marian Morgan was indigent and sought appointment of CJA counsel. Peter Sartes was appointed as CJA counsel to represent Marian Morgan. Throughout the fall of 2010, trial counsel filed numerous motions on behalf of his client, including a motion to suppress evidence, a motion for medical treatment, a motion for

the pretrial release of the defendant, and a motion for Rule 15 depositions, specifically seeking testimony of foreign witnesses located in Denmark, which the Court granted. On November 17, 2010, the court set a trial date of August 1, 2011.

On May 31, 2011, the grand jury returned a superceding indictment, which added defendants Eli Hecksher and Stephen Bowman and added three counts of filing false tax returns as to John and Marian Morgan. Shortly thereafter, the defendant's husband and co-defendant, John Morgan, agreed to plead guilty, entering his plea on June 15, 2011. On June 22, 2011, co-defendant Stephen Bowman pled guilty. On June 3, 2011, the court continued the trial from August to September, 2011.

Before the trial began, trial counsel filed numerous motions on his client's behalf, including, for example, motions in limine, to suppress, to compel, to authorize expenditures, for Brady Material and for additional time. Of particular relevance to the instant motion, trial counsel also filed a series of motions related to his efforts to obtain the presence of numerous witnesses at trial. The Court ultimately authorized expenses for the defendant to obtain six witnesses for trial.

Trial began on September 6, 2011. The Government's witnesses included a number of MEH investor-victims who testified that they had invested and lost millions of dollars in the MEH scheme. Testimony of IRS Special Agent Diane Knott established that the defendant and her husband pocketed approximately $10.8 million of investor funds, which they spent on assorted luxury items, including waterfront real estate, homes, and vehicles. Defendant's trial counsel was always prepared and cross-examined virtually all of the Government's witnesses.

Also of relevance to the instant motion is the fact that, when the Government was nearing

2

the end of its case-in-chief, trial counsel stated that he intended to call a total of seven witnesses, including the defendant. After the Government rested its case, trial counsel moved for judgment of acquittal, which the Court denied, finding that there was sufficient evidence on all counts charged in the Superceding Indictment.

The defendant began her case the next day, by taking the stand and testifying on direct examination for approximately 11 hours over three trial days. During her lengthy testimony, the defendant opined about the Government's case, the Government's exhibits and offered approximately 65 defense exhibits into evidence, many of which were thick, bundled composite exhibits comprised of multiple documents. The Government cross-examined the defendant for approximately six hours, over two trial days. The defendant then called fact witness Michael Von Guttenberg, and expert witness Kevin Carreno. The defendant also called Terry Provence, who the Government had previously identified as an unindicted co-conspirator; however, Mr. Provence exercised his fifth amendment right to remain silent and did not testify.

The Government then put on a brief rebuttal case, and both parties made their closing arguments. At the conclusion of the trial, the Court instructed the jury on the law, and the jury began deliberations. After deliberating over a period of three days, the jury returned verdicts of guilty against Defendant Marian Morgan on all 22 counts alleged in the superceding indictment.

After the jury returned the guilty verdicts, trial counsel filed a renewed motion for judgment of acquittal, and a motion for new trial. On October 13, 2011, successor counsel filed the instant motion–a second motion for new trial based on the ineffective assistance of the defendant's trial counsel. The following day, October 14, 2011, the defendant's CJA appointed trial counsel filed a motion to withdraw his representation, which the Court granted.

## II. Discussion

Rule 33 states that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision to grant or deny a new trial motion is within the sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion. *United States v. Pedrick*, 181 F.3d 1264, 1266-67 (11th Cir. 1999).

### A. The Interest of Justice Does Not Require a New Trial.

The Court begins by observing that successor counsel did not participate in, or observe, the pretrial litigation or the four-week trial of this case. Indeed, it appears that the instant motion is based mostly on self-serving information relayed to successor counsel by the defendant herself. Because successor counsel was not present at the trial, he did not have the opportunity to observe trial counsel or the quality, quantity, or type of evidence presented against the defendant, nor did he observe the defendant's testimony.

The Court, on the other hand, had ample opportunity to assess the evidence presented, and observe the defendant and evaluate her credibility. The Court was also uniquely situated to observe trial counsel's diligent representation of the defendant in this lengthy trial. Having presided over the trial, the Court was in the best position to evaluate trial counsel's performance.

The evidence presented at trial provided a solid basis for the jury's verdicts on all 22 counts. The evidence presented at trial does not weigh so heavily against the verdicts as to create a miscarriage of justice, nor has the defendant explained how any evidentiary considerations created a miscarriage of justice. Accordingly, the interest of justice does not require a new trial.

### B. This Is Not an Exceptional Case Warranting a Hearing or Relief Under Rule 33 for Ineffective Assistance of Counsel.

In this Circuit, "[a]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255[]." *United States v. Butler*, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995) (declining to consider the defendant's ineffective assistance of counsel claim on direct appeal). This is because, at the time of post-trial motions such as the instant Rule 33 motion, there has been an "insufficient opportunity to develop the record regarding the merits of these claims" in the context of prior proceedings, including a direct appeal. *United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds, United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). "Except in the rare instance when the record is sufficiently developed, [the Eleventh Circuit] will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008). Indeed, in a case cited by the defendant, *United States v. Ochoa-Vasquez*, 179 Fed. Appx. 572, 575 (11th Cir. 2006), the Eleventh Circuit explicitly declined to discuss the defendant's ineffective assistance claim because the record was not sufficiently developed.

Here, the record is not sufficiently developed because the defendant has not yet been sentenced, nor has her conviction or sentence been reviewed on direct appeal. The defendant's allegations of ineffective assistance of counsel are more appropriately addressed in a Section 2255 motion. *United States v. York*, 428 F.3d 1325, 1330 n.5 (11th Cir. 2005) (declining to reach the defendant's ineffective assistance of counsel claim on direct appeal "because the record below [was] not sufficiently developed to adequately address the merits of [the defendant's] argument").

Furthermore, this is not one of those exceptional cases in which trial counsel's

ineffectiveness was so apparent from the record that the issue should be considered in a post-trial motion, or on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504, 508 (2003) (noting that "in most cases" an ineffective assistance of counsel claim should be raised in a Section 2255 motion rather than on direct appeal, but also noting that "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal"). The record that does exist proves conclusively that trial counsel diligently and competently represented the defendant throughout the course of the lengthy pretrial proceedings and trial.

The Court sees no reason to conduct an evidentiary hearing, as such a hearing would not produce evidence warranting a new trial. The Court was in the best position during both the pre-trial stage and the trial to assess the defendant's trial counsel's performance and determine whether he provided competent representation. The Court does not need a hearing to make that determination.

### 1. The *Strickland* Standard

It is well-established that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Ineffective assistance claims are governed by the same standard whether raised via a motion for new trial or for federal habeas relief. *Id.* at 697-98. Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### 2. The Defendant's Claims Do Not Meet the *Strickland* Standard.

The defendant asserts several claims of ineffective assistance of counsel related to trial counsel's strategies and trial preparation. First, the Court notes that a necessary component is missing from all of the defendant's allegations: prejudice. The defendant does not explain how the trial would have turned out differently if her trial counsel had performed differently. For this reason alone, the Court rejects her claims of ineffective assistance of counsel because she has failed to satisfy the prejudice prong of the *Strickland* analysis.

All of the defendant's claims fail for the additional reason that she has not met the effectiveness prong of the analysis. First, the defendant alleges that trial counsel failed to pursue "certain trial strategies." (Dkt. 308, ¶ 3.) This claim fails for the simple reason that the defendant does not describe those strategies or how those strategies would have played out in the trial. Without connecting an allegation of ineffective assistance to an articulated prejudice, the defendant simply cannot sustain her burden. Moreover, trial counsel's decisions regarding trial strategy cannot be found to be ineffective "as long as the approach taken might be considered sound trial strategy." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citations omitted). The defendant has not argued, much less established, that trial counsel's strategies were unreasonable.

7

The defendant further argues that trial counsel erred in failing to obtain and use certain data on a computer hard drive, which was identified as Government Exhibit 320 at trial. (Dkt. 308, ¶ 4.) This hard drive was one of several computer-related items seized from the Morgans when they entered the United States from Sri Lanka in December of 2009. FBI Special Agent Arndt, a forensic computer expert, testified at trial that the hard drive was damaged but that certain data had been recovered from it. This recovered data was provided to the defense in June of 2010. Therefore, *trial counsel had seen the actual data at issue before trial*, but apparently mistakenly believed, based on SA Arndt's testimony, that there was additional information that had not been produced.

The Government explains in its response to the instant motion that trial counsel requested and received *another copy* of the recovered data on September 13, 2011. The defendant therefore possessed this *additional* set of the recovered data several days before she began presenting her case-in-chief. Had the defendant determined that any documents within that set of materials were relevant and exculpatory, she had sufficient time to present them. Additionally, the defendant's argument fails because she has not identified any particular document from the damaged hard drive that she believes was critical to her defense that her trial counsel failed to use.

The defendant further claims that trial counsel was ineffective because he did not address every Government exhibit with her when she was on the stand. (Dkt. 308, ¶ 5.) The record shows, however, that trial counsel conducted direct examination of the defendant for approximately 11 hours over three trial days and addressed numerous Government exhibits during her testimony. It is likely that trial counsel decided not to further emphasize and not to

reiterate the contents of the numerous Government exhibits that were especially incriminating. Regardless of trial counsel's strategy, his conduct of direct examination did not fall outside the range of professional competence. Furthermore, the defendant's conclusory argument fails because she failed to specify which exhibits she believes trial counsel should have addressed, or how those exhibits were exculpatory.

The defendant next contends that trial counsel "did little if any pretrial witness preparation with [her]" and "expected her to refute the Government's three-week case on her own." (Dkt. 308, ¶ 6.) To the contrary, the record shows that trial counsel was well-prepared to cross-examine Government witnesses and that he did so, pointing out facts that supported the defense's theories, and raising questions regarding the credibility of certain witnesses. For example, trial counsel cross-examined Government witness Brent Myers, CPA, regarding the "innocent spouse" exception in tax law. The record also shows that trial counsel's objections were sustained with respect to certain Government exhibits and lines of inquiry. Indeed, trial counsel effectively argued against the introduction of a highly incriminating recorded jail call, and successfully prevented the Government from presenting that evidence in its case-in-chief. It was only after the defendant testified that the Court reconsidered that ruling and allowed the introduction of that evidence.

Furthermore, the defendant appeared well-prepared to testify. She offered detailed and lengthy testimony regarding, for example, the formation and functioning of MEH, numerous financial transactions spanning several years, and her communications with investors and co-conspirators. The defendant has failed to establish what trial counsel should have done to better prepare her for taking the stand.

Another unpersuasive argument is the defendant's contention that trial counsel "failed to protect and effectuate [the defendant's] constitutional right to compulsory process to have witnesses testify in her favor." (Dkt. 308, ¶ 7.) To the contrary, trial counsel made extensive efforts to obtain the presence of numerous witnesses. The appearance of Mr. Provence corroborates trial counsel's efforts, despite the fact that he elected not to testify. The defendant's conclusory contention that trial counsel failed to call her witnesses "in order to establish on the record whether they would refuse to testify" fails because she has not specified which witnesses should have been called, or how their testimony would have been exculpatory.

The defendant's argument that trial counsel somehow erred by failing to challenge the designation of certain individuals as unindicted co-conspirators and then seek to have them immunized is also without merit. (Dkt. 308, ¶ 8.) First, the defendant offers no names of witnesses or proposed exculpatory testimony for which immunization should have been requested. Second, it is well-settled in the Eleventh Circuit that "district courts cannot grant immunity to a defense witness simply because that witness possesses essential exculpatory information unavailable from other sources." *United States v. Gottesman*, 724 F.2d 1517, 1524 (11th Cir. 1984). Thus, the Court could not compel the Government to seek immunity for the unnamed witnesses referred to in the defendant's motion, and trial counsel did not provide ineffective assistance by failing to pursue this futile tactic.

The defendant alleges that trial counsel "failed to seek Rule 15 depositions" of certain exculpatory witnesses overseas and otherwise failed to bring them to testify at trial. (Dkt. 308, ¶ 9.) To the contrary, trial counsel successfully moved to take Rule 15 depositions of witnesses in Denmark in October of 2010. The primary witness sought for deposition was Eli Hecksher. By

August of 2010, however, Eli Hecksher himself was the subject of a Danish criminal investigation and the parties learned that he would not make himself available for a deposition. In May of 2011, Eli Hecksher was named as a co-defendant in the instant case, effectively eliminating any possibility of his appearance at a deposition. Thus, the defendant's argument is without merit, and she has failed to identify any other exculpatory witnesses who trial counsel failed to obtain.

The defendant's final argument is that trial counsel failed to spend the time necessary to prepare for the trial, failed to review the Government's discovery until a week before the trial, "appeared disorganized and unprepared in court," and presented ineffective audiovisual aids to the jury. (Dkt. 308, ¶ 10.) This argument must be rejected on its face as conclusory, self-serving, and lacking in detail.

### III. Conclusion

Accordingly, for the reasons stated herein, Defendant Marian Morgan's Second Motion for New Trial Pursuant to Federal Criminal Rule 33 and Request for Evidentiary Hearing. (Dkt. 308) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of November, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge