UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-585-TPB-TBM

MARIAN MORGAN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Marian Morgan's motion for compassionate release, filed *pro se* on February 9, 2024.  (Doc. 513).  On March 8, 2024, the Government filed its response.  (Doc. 519; 520).  After reviewing the motion, response, case file, and the record, the Court finds as follows:

Defendant was charged with one count of conspiracy to defraud the United States, seven counts of wire fraud, five counts of transfer of funds taken by fraud, six counts of money laundering, and three counts of making false statements on income tax returns.  (Doc. 122).  The charges stemmed from a fraudulent "Ponzi" type investment scheme controlled by Defendant.  She and her codefendant husband regularly used investor funds for personal expenses like restaurant dining, hotel stays, furniture, clothing, luxury cars, boat storage and maintenance, their home mortgage, and even their federal income taxes.  All told, Defendant and her husband received around $11 million from the scheme.

After a seventeen-day trial, a jury found Defendant guilty of all 22 counts of the indictment.  On April 27, 2012, the Court sentenced Defendant to 420 months'

imprisonment, followed by 36 months of supervised release, after a jury found her guilty of all 22 counts of the indictment. She was also ordered to pay nearly $20 million in restitution to the victims and the Internal Revenue Service. The Eleventh Circuit affirmed Defendant's conviction but vacated her sentence after concluding that a two-level enhancement for abuse of a position of trust was improper. On December 17, 2013, Defendant was resentenced to 405 months imprisonment. Defendant, who is now 69 years old, is currently incarcerated at FCI Marianna in Marianna, Florida, and she is projected to be released on June 14, 2037.

Defendant has filed several motions seeking compassionate release. On June 10, 2020, the Court denied her first motion because: (1) she failed to demonstrate that she met the exhaustion or lapse requirement and (2) she failed to show that her various medical conditions, her age, or any other reason, constituted an extraordinary and compelling reason warranting relief. (Doc. 499). On April 15, 2021, the Court denied Defendant's second motion, (1) again finding that Defendant failed to exhaust her administrative remedies; and (2) again finding that Defendant failed to demonstrate any extraordinary and compelling reason warranting a sentence reduction. The Court also held that the relevant factors weighed against release. (Doc. 510).

Defendant has now filed a *third* motion seeking compassionate release or a reduction in sentence. In her motion, Defendant requests that the Court modify or reduce her sentence to release her from federal prison because of her medical conditions, her age, and changed family circumstances. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of her sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because she has not demonstrated any extraordinary and compelling reason warranting a modification of her sentence.[1] Among other things, Defendant has not shown that any of her alleged medical conditions constitute a serious physical or medical condition that substantially diminishes her ability to provide self-care within the correctional facility and from which she is not expected to recover. In her motion, Defendant cites hyperlipidemia, hypertension, chronic kidney disease, lichen planus (skin condition), thyroid disorder, sinusitis, and Legionnaires. However, her argument is focused on hypertension and rhinitis/sinusitis. She has not provided records to substantiate her claim of serious

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

health issues or her claim that she has not received necessary medical attention, and the BOP medical records provided by the Government show that Defendant is receiving adequate medical treatment, including specialized care for her kidneys and cervical spine issues.

Defendant also seeks released based on her age – 69, almost 70. Although she satisfies the first and third elements of the relevant standard, she has not shown that she is experiencing a serious deterioration in physical or mental health because of the aging process. *See* Section 1B1.13(b)(2); *United States v. Holley*, No. 5:96-CR-00208-SLB-SGC-1, 2021 WL 2320394, at *5-6 (N.D. Ala. June 7, 2021) (collecting cases) (holding that ordinary ailments of 75-year-old did not justify release where his numerous conditions were generally benign and well-managed). Although Defendant suffers from several medical conditions, they are not so far outside the realm of ordinary geriatric elements to qualify as extraordinary and compelling reasons justifying release.

Finally, Defendant claims that she is the "primary caregiver" for her 94-year-old aunt who has developed progressive difficulties in performing the activities of daily life. *However, Defendant cannot be the "primary caregiver" for her aunt since Defendant has been incarcerated since 2009; if she ever was, she has not filled that role for at least fifteen years.* As such, Defendant's argument on this point is silly. In addition, Defendant does not explain how her aunt's surviving relatives or Defendant's husband cannot provide or facilitate care for her aunt.[2]

---

[2] Moreover, Defendant's claim of her own severe medical conditions would appear to undermine her contention that she should be released to take care of an elderly, sick relative.

Page 4 of 5

Ultimately, Defendant's allegations simply do not establish extraordinary and compelling reasons within the meaning of the relevant sections. But even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Defendant conceived of the fraudulent investment scheme and controlled all aspects of the scheme. During the three days in which she testified on her own behalf at trial, Defendant lied repeatedly. Her crimes involved over 80 victims who sustained over **$17.5 million** in actual loss, as well as a loss of over $2 million to the IRS, and the bulk of the restitution remains outstanding. She committed her 22 offenses when in her fifties, and the circumstances combined with her history and characteristics suggest that she would continue to pose a danger to the public if released. Given the seriousness of Defendant's conduct, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**